RECEIPT #_____
AMOUNT $ 150 -
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE 6-23-04

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JUN 22 P 4: 21

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| BRIAN N. DRAKE, | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. _____ |
| | ) |
| UBS FINANCIAL SERVICES INC., | ) **04-11426 REK** |
| Respondent. | ) |

**MAGISTRATE JUDGE** _____

## NOTICE OF REMOVAL

Respondent UBS Financial Services Inc. ("UBS"), f/k/a UBS PaineWebber Inc., by its attorneys, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby removes the civil action captioned "Brian N. Drake v. UBS Financial Services Inc.," Case No. 04-00290, from the Barnstable County Superior Court, Massachusetts, to the United States District Court for the District of Massachusetts. In support of this Notice of Removal, UBS states as follows:

1. Corporation Service Company ("CSC"), as agent for UBS, first received service of the initial pleading in this action on May 28, 2004. See CSC's Notice of Service of Process with attached Notice of Service, Summons and Complaint and Application to Vacate attached as Exhibit 1 hereto.

2. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. §1446(b), which provides that a notice of removal shall be filed within thirty (30) days after receipt by the defendant of the initial pleading.

3. This action is also within this Court's original jurisdiction pursuant to 28 U.S.C. §1332, and is one which may be removed pursuant to 28 U.S.C. §1441, in that petitioner Drake and respondent UBS, at the time the case was filed in state court and at the time of removal, are

citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. As alleged in Drake's Complaint, Drake was at the time the case was filed in state court, and is now at the time of removal a resident of and citizen of Massachusetts.

5. As alleged in Drake's Complaint, UBS was at the time the case was filed in state court, and is now at the time of removal incorporated in the State of Delaware, with its principal place of business in New York, New York.

6. The amount in controversy exceeds $75,000, exclusive of interest and costs, in that Drake seeks to vacate, pursuant to M.G.L.A. 251 §12 and §10 of the Federal Arbitration Act, an NASD Arbitration Award (the "Award"), which is attached to the Complaint and incorporated by reference thereto, that ordered Drake to pay UBS as follows: (1) compensatory damages in amount of $110,788.80 on Promissory Note #10146; (2) compensatory damages in amount of $46,045.69 on Promissory Note #30623; (3) interest on the two promissory notes in the amount of $31,527.03; (4) attorneys' fees and costs in the amount of $26,642.75; and (5) reimbursement of UBS's NASD filing fee in the amount of $1,000.00. See pp. 2, 3 of Exhibit A, attached to Exhibit 1.

7. This Court is the district court for the district embracing the place where Drake's Complaint is pending, namely, the Barnstable County Superior Court, Massachusetts.

8.  Defendant reserves the right to amend or supplement this Notice of Removal and expressly reserve all legal and equitable defenses.

9.  Pursuant to 28 U.S.C. §1446(d), a copy of the original Notice of Removal, along with a Notice of Filing of Notice of Removal, will be promptly filed with the Barnstable County Superior Court, Massachusetts and served upon Drake.

10. Pursuant to LR, D. Mass. 81.1 of the Local Rules of the United States District Court for the District of Massachusetts, within thirty days of the filing of this Notice of Removal, UBS will file in this Court certified or attested copies of the summons and complaint and docket entries in the Barnstable County Superior Court.

WHEREFORE, respondent UBS Financial Services Inc. hereby removes the civil action captioned "Brian N. Drake v. UBS Financial Services, Inc.," Case No. 04-00290, from the Barnstable County Superior Court, Massachusetts, to this Court for all further proceedings.

The undersigned counsel certifies under the penalties of Rule 11, Fed.R.Civ.P., that the amount in controversy of the damages at issue exceeds the jurisdictional amount required by 28 U.S.C. §1332.

Respectfully submitted:

One of the attorneys for defendants

Kevin G. Mahoney
Menard, Murphy & Walsh LLP
60 State Street, 34th Floor
Boston, MA 02109
Tel.: (617) 832-2500
Fax: (617) 832-2550

OF COUNSEL:
William M. Ejzak
Schuyler, Roche & Zwirner, P.C.
Suite 3800, One Prudential Plaza
130 East Randolph Street
Chicago, Illinois 60601
Tel:    (312) 565-2400
Fax:    (312) 565-8300

## Certificate Of Service

The undersigned hereby certifies that on June 22, 2004, he caused a copy of the foregoing Notice of Removal to be served upon:

>William A. Jacobson
>Shanna L. Pitts
>Law Offices of William A. Jacobson, Inc.
>850 Turks Head Building
>Providence, Rhode Island 02903

by facsimile and placing true copies of same in a properly addressed, postage prepaid envelope and causing that envelope to be deposited in the United States Mail at 60 State Street, Boston, Massachusetts.

_____

# COMMONWEALTH OF MASSACHUSETTS

Barnstable, ss.
BARNSTABLE SUPERIOR COURT

BRIAN N. DRAKE,

        Petitioner,

-v-

CIVIL CASE NO. 04-

UBS FINANCIAL SERVICES, INC.,

        Respondent.

## COMPLAINT AND APPLICATION TO VACATE

Petitioner Brian N. Drake ("Petitioner") respectfully petitions this Honorable Court to vacate an arbitration award (the "Award")(Exhibit A hereto), pursuant to M.G.L.A. 251 §12 and §10 of the Federal Arbitration Act, and alleges as follows:

1. Petitioner is a resident of Barnstable County, Massachusetts.

2. Respondent, upon information and belief, is a broker-dealer of securities, incorporated in Delaware with its principal place of business in New York, New York, with an office in Barnstable County, Massachusetts.

3. The events giving rise to the arbitration at issue took place substantially in Barnstable County, Massachusetts.

4. Petitioner and Respondent were participants in an Arbitration conducted under the auspices of NASD Dispute Resolution, Inc. ("NASD") in Boston, Massachusetts.

5. Petitioner moves that this Court vacate the Award.

6. The Award was procured by undue means.

1

7. There was evident partiality by the panel of arbitrators.

8. There was misconduct which prejudiced Petitioner's rights.

9. The arbitrators conducted the hearing so as to prejudice the rights of the Petitioner.

10. The arbitrators manifestly disregarded of the law.

11. Petitioner intends to amend this application after obtaining the transcript of the arbitration hearings and taking discovery in this matter.

WHEREFORE, Petitioner respectfully requests that judgment enter as follows:

A. Vacating the Award;

B. Ordering that there be a rehearing before a new panel of impartial arbitrators;

C. Awarding petitioner costs and attorney's fees; and

D. Awarding petitioner such other relief as is deemed just and equitable.

Dated: May 19, 2004

Respectfully submitted,

William A. Jacobson, Esq. (# 544791)
Shanna L. Pitts, Esq. (*applicant pro hac vice*)
The Law Offices of William A. Jacobson
850 Turks Head Building
Providence, RI 02903
Tel. 401-490-7500
Fax. 401-490-5680
E-mail waj@wjacobson.com

Attorneys for Petitioner

2



EXHIBIT A

# Award
## NASD Dispute Resolution

In the Matter of the Arbitration Between:

UBS PaineWebber, Inc. n/k/a UBS Financial Services, Inc. (Claimant) v. Brian N. Drake (Respondent)

Case Number: 03-00933              Hearing Site: Boston, Massachusetts

Nature of the Dispute: Member vs. Associated Person.

## REPRESENTATION OF PARTIES

Claimant UBS PaineWebber, Inc. n/k/a UBS Financial Services, Inc. ("UBS") hereinafter referred to as "Claimant": William M. Ejzak, Esq., Schuyler, Roche & Zwirner, P.C., Chicago, IL.

Respondent Brian N. Drake ("Drake") hereinafter referred to as "Respondent": William A. Jacobson, Esq., and Shanna L. Pitts, Esq., Law Offices of William A. Jacobson, Inc., Providence, RI. Previously represented by: Walter L. Baumgardner, Esq., Musilli, Baumgardner & Parnell, P.C., St. Clair Shores, MI.

## CASE INFORMATION

Statement of Claim filed on or about: February 6, 2003.
Claimant's Response to Respondent's Amended Answer filed on or about: March 22, 2004.
Claimant signed the Uniform Submission Agreement: February 6, 2003.

Statement of Answer filed by Respondent on or about: March 13, 2003.
Amended Statement of Answer filed on or about: March 5, 2004.
Respondent did not sign the Uniform Submission Agreement.

## CASE SUMMARY

Claimant asserted the following cause of action: failure to repay monies owed in accordance with the terms of two promissory notes.

Unless specifically admitted in his Answer, Respondent denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

NASD Dispute Resolution
Arbitration No. 03-00933
Award Page 2 of 5

## RELIEF REQUESTED

Claimant requested compensatory damages in the amount of $110,788.80 on Promissory Note #10146; compensatory damages in the amount of $46,045.69 on Promissory Note #30623; interest, costs, attorneys' fees; and such other and further relief as the Panel deems to be just and equitable.

In its Response to Respondent's Amended Answer, Claimant requested that the claims set forth in the Statement of Claim be granted, that UBS be awarded the remedies sought in the Statement of Claim, and Drake should be granted no relief.

Respondent requested that the Panel find no cause of action and dismiss the Claim for Arbitration and award him all of his expenses, costs, and attorneys' fees incurred as a result of having to respond to the claim.

In his Amended Answer, Respondent requested that Claimant's claims be denied in their entirety, and all forum fees be assessed against Claimant.

## OTHER ISSUES CONSIDERED AND DECIDED

Respondent did not file with NASD Dispute Resolution a properly executed Uniform Submission Agreement but is required to submit to arbitration pursuant to the Code and, having answered the claim, and appeared and testified at the hearing, is bound by the determination of the Panel on all issues submitted.

The parties have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

## AWARD

After considering the pleadings, and the testimony and evidence presented at the hearing, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Respondent is liable for and shall pay to Claimant compensatory damages in the amount of $110,788.80 on Promissory Note #10146.

2. Respondent is liable for and shall pay to Claimant compensatory damages in the amount of $46,045.69 on Promissory Note #30623.

3. Respondent is liable for and shall pay to Claimant interest at New York's prime rate plus two percent beginning April 1, 2002 through April 7, 2004 for a total amount of interest of $31,527.03.

NASD Dispute Resolution
Arbitration No. 03-00933
Award   Page 3 of 5

4. Respondent is liable for and shall pay to Claimant attorneys' fees and costs in the amount of $26,642.75 in accordance with Claimant's Promissory Notes #10146 and #30623.

5. Respondent is liable for and shall pay to Claimant the sum of $1,000.00 to reimburse Claimant for the filing fee previously paid to NASD Dispute Resolution.

6. Any and all relief not specifically addressed herein is denied.

## FEES

Pursuant to the Code, the following fees are assessed:

**Filing Fees**
NASD Dispute Resolution will retain or collect the non-refundable filing fees for each claim:

| | |
|---|---|
| Initial claim filing fee | = $1,000.00 |

**Member Fees**
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm that employed the associated person at the time of the events giving rise to the dispute. Accordingly, UBS PaineWebber, Inc. n/k/a UBS Financial Services, Inc. is a party.

| | |
|---|---|
| Member surcharge Pre-hearing process fee | = $1,700.00 |
| Hearing process fee | = $ 750.00 |
| | = $2,750.00 |

**Forum Fees and Assessments**
The Panel has assessed forum fees for each session conducted. A session is any meeting between the parties and the arbitrators, including a pre-hearing conference with the arbitrators, that lasts four (4) hours or less. Fees associated with these proceedings are:

Two (2) Pre-hearing sessions with Panel @ $1,125.00
Pre-hearing conferences:  January 9, 2004    1 session    = $2,250.00
                          March 8, 2004      1 session

Four (4) Hearing sessions @ $1,125.00
Hearing Dates:  April 6, 2004    2 sessions    = $4,500.00
                April 7, 2004    2 sessions

Total Forum Fees                                = $6,750.00

1. The Panel has assessed $6,750.00 of the forum fees against Respondent.

NASD Dispute Resolution
Arbitration No. 03-00933
Award   Page 4 of 5

### Fee Summary

1. Claimant is solely liable for:
   Initial Filing Fee
   Member Fees                              = $1,000.00
   Total Fees                               = $5,200.00
   Less payments                            = $6,200.00
   Refund Due to Claimant                   = $7,325.00
                                            = $1,125.00

   As stated in the "Award" section above, Respondent is solely liable for and shall reimburse Claimant for the filing fee.

2. Respondent is solely liable for:
   Forum Fees
   Total Fees                               = $6,750.00
   Less payments                            = $6,750.00
   Balance Due NASD Dispute Resolution      = $   0.00
                                            = $6,750.00

All balances are payable to NASD Dispute Resolution and are due upon receipt pursuant to Rule 10330(g) of the Code.

NASD Dispute Resolution
Arbitration No. 03-00933
Award  Page 5 of 5

## ARBITRATION PANEL

Dallas W. Coffman — Non-Public Arbitrator, Presiding Chair
Linda A. Gelfand — Non-Public Arbitrator
John B. Haggerty — Non-Public Arbitrator

### Concurring Arbitrators' Signatures

I, the undersigned arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil Practice Law and Rules, that I am the individual described herein and who executed this instrument, which is my award.

_____
Dallas W. Coffman
Non-Public Arbitrator, Presiding Chairperson         Signature Date

_____
Linda A. Gelfand
Non-Public Arbitrator                                 Signature Date

_/s/ John B. Haggerty_____
John B. Haggerty                                      5/1/04
Non-Public Arbitrator                                 Signature Date

_____May 5, 2004_____
Date of Service (For NASD Dispute Resolution use only)

NASD REGULATION

NASD Dispute Resolution
Arbitration No. 03-00S133
Award  Page 5 of 5

## ARBITRATION PANEL

Dallas W. Coffman — Non-Public Arbitrator, Presiding Chair
Linda A. Gelfand — Non-Public Arbitrator
John B. Haggerty — Non-Public Arbitrator

**Concurring Arbitrators' Signatures**

I, the undersigned arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil Practice Law and Rules, that I am the individual described herein and who executed this instrument, which is my award.

_____
Dallas W. Coffman
Non-Public Arbitrator, Presiding Chairperson         Signature Date

_____
Linda A. Gelfand                                      04/29/04
Non-Public Arbitrator                                 Signature Date

_____
John B. Haggerty
Non-Public Arbitrator                                 Signature Date

_____May 5, 2004_____
Date of Service (For NASD Dispute Resolution use only)

NASD REGULATION

NASD Dispute Resolution
Arbitration No. 03-00933
Award   Page 5 of 5

## ARBITRATION PANEL

| | | |
|---|---|---|
| Dallas W. Coffman | - | Non-Public Arbitrator, Presiding Chair |
| Linda A. Gelfand | - | Non-Public Arbitrator |
| John B. Haggerty | - | Non-Public Arbitrator |

### Concurring Arbitrators' Signatures

I, the undersigned arbitrator, do hereby affirm, pursuant to Article 7507 of the Civil Practice Law and Rules, that I am the individual described herein and who executed this instrument, which is my award.

_____         May 3, 2004
Dallas W. Coffman                        Signature Date
Non-Public Arbitrator, Presiding Chairperson


_____         _____
Linda A. Gelfand                         Signature Date
Non-Public Arbitrator


_____         _____
John B. Haggerty                         Signature Date
Non-Public Arbitrator


__May 5, 2004__
Date of Service  (For NASD Dispute Resolution use only)

⬛JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Brian N. Drake

**DEFENDANTS**
UBS Financial Services, Inc.

04-11426-REK

FILED CLERK'S OFFICE 2004 JUN 22 P 4: 20 US DISTRICT COURT DISTRICT OF MASS

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
William A. Jacobson, Shanna L. Pitts
Law Offices of William A. Jacobson
850 Turks Head Building, Providence, RI 02903

Attorneys (If Known)
Kevin G. Mahoney
Menard, Murphy & Walsh, LLP, 60 State St.,
Boston, MA 02109

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Enforcement of arbitration award

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: June 22, 2004
SIGNATURE OF ATTORNEY OF RECORD: /s/ K.J. Mahoney

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Brian N. Drake v. UBS Financial Services Inc.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I.  160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [x] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V.  150, 152, 153.

   **04-11426 REK**

   FILED IN CLERKS OFFICE
   2004 JUN 22 P 4:20
   U.S. DISTRICT COURT
   DISTRICT OF MASS.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   
   YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   
   YES [ ]   NO [x]
   
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   
   YES [ ]   NO [x]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   
   YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   
   YES [ ]   NO [x]
   
   A. If yes, in which division do all of the non-governmental parties reside?
      
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]
   
   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      
      Eastern Division [x]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME   __Kevin G. Mahoney, Esquire__

ADDRESS   __Menard, Murphy & Walsh LLP, 60 State Street - 34th Fl., Boston, MA 02109__

TELEPHONE NO.   __(617) 832-2500__

(Coversheetlocal.wpd - 10/17/02)