UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
-------------------------------------------------------
BRIAN N. DRAKE,

                              Petitioner,

-v-                                                C.A. No. 04-11426(REK)

UBS FINANCIAL SERVICES, INC.,

                              Respondent.
-------------------------------------------------------

## MEMORANDUM IN SUPPORT OF DRAKE'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS

Petitioner Brian N. Drake ("Drake") submits this memorandum in support of his motion, pursuant to FRCP 37(a)(2) and Local Rule 37.1(B), for an Order compelling Respondent UBS Financial Services, Inc. ("UBS") to answer Interrogatories 2 and 4 of Drake's First Set of Interrogatories, and to produce documents in response to Requests 2 and 3 of Drake' First Request for Production of Documents.

This case arises out of an arbitration (the "Arbitration") between the parties held under the auspices of NASD Dispute Resolution, Inc. The arbitrators ruled in favor of UBS, awarding UBS all of the damages, attorney's fees, interest, and costs UBS requested. Drake moved to vacate the arbitration award in state court, which proceeding was removed by UBS to this court. The parties have stipulated that Drake's time to serve an Amended Complaint and motion to vacate is extended to and including September 24, 2004.

Drake alleges that the panel of arbitrators exhibited evident partiality and misconduct, and manifestly disregarded the law. Vacateur is required, among other

1

reasons which will be set forth in the amended pleadings, due to (a) the call by UBS for the panel to disregard controlling New York law, (b) the panel's refusal to enforce against UBS the panel's own scheduling orders thereby permitting UBS to produce documents and exhibits at the last minute to the prejudice of Drake, (c) the panel's allowing UBS to introduce evidence as to the exchange of settlement offers (albeit not the actual dollar amount of the offers and counteroffers), thereby leaving the misimpression that Drake was the reason the case did not settle, and (d) the panel's allowing UBS to introduce evidence as to UBS' investigation of the panel members, including the maintenance of investigative databases on the panel, thereby intimidating the panel.

As the United States Supreme Court has noted, courts "should, if anything, be even more scrupulous to safeguard the impartiality of arbitrators than judges, since the former have completely free rein to decide the law as well as the facts and are not subject to appellate review." Commonwealth Coatings Corp. v. Cont'l Cas. Co., 393 U.S. 145, 89 S.Ct. 337, 21 L.Ed.2d 301 (1968). Discovery as to arbitrator conflicts should be permitted prior to a ruling on a motion to vacate. University Commons-Urbana, Ltd. v. Universal Constructors Inc., 304 F.3d 1331, 1341 (11th Cir. 2002)(in face of allegations of undisclosed arbitrator conflicts, the District Court "should have plunged headlong into evidentiary fact-finding," rather than a summary confirmation of the arbitration award).

After the removal of this case to this Court, Drake served a short set of interrogatories (Exhibit A) and requests for production (Exhibit B), geared towards the undisclosed business relationships and communications between UBS and the arbitration panel members. In its response to the interrogatories (Exhibit C) and document request (Exhibit D), UBS has failed and/or refused to answer very simple questions and produce

related documents as to its business relationships and communications with the panel members. Given how overboard the arbitrators went to accommodate UBS and to give UBS everything it demanded, the refusal of UBS to answer these simple questions raises serious likelihood that the answers and documents would reveal relevant information.

We list below only the interrogatories and document requests at issue on this motion.

### Interrogatories

**Interrogatory No. 2**. "At any time, have there been any communications between UBS and/or its affiliates, predecessors (including but not limited to PaineWebber and UBS PaineWebber), employees, agents and/or attorneys, on the one hand, and Dallas W. Coffman, Linda A. Gelfand, and/or John B. Hagerty, in their individual capacities or their capacities as arbitrators in the arbitration designated NASD-DR No. 03-00933 (individually and collectively, these individuals are referred to as the "Arbitrators")?[1] If yes, (a) identify each of the dates, participants and substance of each such communication, and (b) identify all documents concerning such communications."

UBS is only willing to respond to this interrogatory by stating that UBS' legal counsel did not have any *ex parte* oral or written communications with the Arbitrators. UBS refuses to state whether persons affiliated with UBS other than UBS' legal counsel had ex parte communications with the arbitrators. Obviously, if there were such communications, such information would be relevant to the motion to vacate.

**Interrogatory No. 4.** "At any time, has there been any business, employment, potential employment, financial, regulatory, personal and other relationships or dealings between UBS and/or its predecessors, affiliates, employees, agents and attorneys, on the one hand, and the Arbitrators? If yes, (a) identify the dates, participants and substance of each such relationship or dealing, and (b) identify all documents concerning such relationship or dealing."

---

[1] This interrogatory was limited by the following language: "This interrogatory excludes only communications contained in documents filed with NASD Dispute Resolution, Inc. and served upon counsel for Petitioner, or made on the record during the hearings and pre-hearing conferences, in NASD-DR No. 03-00933."

3

UBS refuses to provide any information in response to this interrogatory. Obviously, if UBS has had any undisclosed past, present, or potential business or other relationship with the arbitrators, this information would be relevant to the motion to vacate. UBS's refusal to answer this interrogatory raises serious question as to whether one or more of the arbitrators failed to disclose material conflicts.

### Request for Production

**Document Request No. 2**.   "All documents concerning any and all communications at any time between UBS and/or its affiliates, predecessors (including but not limited to PaineWebber and UBS PaineWebber), employees, agents and/or attorneys, on the one hand, and the Arbitrators or any of the Arbitrators (excluding only documents filed with NASD Dispute Resolution, Inc. and served upon counsel for Drake in NASD-DR No. 03-00933)."

This document is the corollary to Interrogatory No. 2, above. Production of documents should be compelled for the same reasons that UBS should be compelled to answer Interrogatory No. 2.

**Document Requst No. 3**.   "All documents at any time concerning business, employment, potential employment, financial, regulatory, personal and other relationships or dealings between UBS and/or its predecessors (including but not limited to PaineWebber and UBS PaineWebber), affiliates, employees, agents and attorneys, on the one hand, and the Arbitrators."

This document request is the corollary to Interrogatory No. 4, above. Production of documents should be compelled for the same reasons that UBS should be compelled to answer Interrogatory No. 4.

4

Conclusion

Drake requests that the Court compel UBS to respond fully to the Drake's Interrogatories and Request for Production.

Dated: August 20, 2004

Respectfully submitted,

William A. Jacobson, Esq. (# 544791)
Shanna L. Pitts, Esq. (*pro hac vice*)
Law Offices of William A. Jacobson, Inc.
850 Turks Head Building
Providence, RI 02903
Tel. 401-490-7500
Fax. 401-490-5680
E-mail waj@wjacobson.com

Attorneys for Drake

**CERTIFICATION OF SERVICE**

I hereby certify that on this 20th day of August, 2004, I served a true and correct copy of the foregoing, via facsimile and first class mail, postage prepaid, upon the offices of:

Kevin G. Mahoney, Esq.
Menard, Murphy & Walsh LLP
60 State Street, 34th Floor
Boston, MA 02109

William M. Ezjak, Esq.
Schuyler, Roche & Zwirner, P.C.
One Prudential Plaza
130 East Randolph Street
Chicago, IL 60601