IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BRIAN N. DRAKE, | ) | |
| Petitioner, | ) | The Honorable Robert E. Keeton |
| | ) | |
| v. | ) | Case No. 04-11426 REK |
| | ) | |
| UBS FINANCIAL SERVICES INC., | ) | |
| Respondent. | ) | |

## UBS's RESPONSE TO PETITIONER'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS

Respondent UBS Financial Services Inc. ("UBS"), pursuant to Fed. R. Civ. P. 37(a)(2) and Local Rule 37.1(B), for its Response to Petitioner Brian N. Drake's ("Drake") Motion to Compel Answers to Interrogatories and Production of Documents ("Motion to Compel"), states as follows:

### Introduction

This is an action, filed by Drake, to vacate an NASD arbitration award unanimously entered by a three-member arbitration panel in favor of UBS. Drake's initial two-page pleading failed to state a claim for vacatur of the arbitration award. A copy of Drake's Complaint and Application [Motion] for Vacatur ("Motion for Vacatur") is attached as Exhibit A. Significantly, Drake failed to allege any actual conflict or undisclosed relationships between the members of the arbitration panel and UBS to support a claim for vacatur based on "evident partiality."

To avoid unnecessary motion practice under FRCP 12(b)(6), and to allow the parties an opportunity to obtain a transcript of the NASD hearing, the parties have agreed to several extensions of time for Drake to file an amended pleading. Copies of the parties' Stipulations and Request for Order are attached as Exhibit B. To date, Drake has not filed an amended pleading.

Without having filed an amended pleading, Drake now seeks to compel discovery from UBS as to whether UBS had any business relationships with or communications with the members of the arbitration panel, apparently to determine whether he can state claim for "evident partiality" as a basis for vacatur. However, the Federal Rules do not authorize "pre-filing" discovery or discovery on claims that have not been adequately plead.

Moreover, this action by Drake substantially undermines the benefit – to the parties and the court -- of the parties' agreement to permit Drake to file an amended complaint in lieu of UBS's filing a motion to dismiss Drake's initial pleading. For it requires UBS to litigate, and the court now to decide, the issue of whether Drake's initial pleading stated a claim for "evident partiality" as a basis for vacatur as one of UBS's defenses to Drake's motion to compel.

In addition, Drake's discovery requests are unduly burdensome. They ostensibly would require UBS to canvass its entire organization, encompassing tens of thousands of employees and hundreds of branch offices, to determine if there were any dealings or contacts with the members of the arbitration panel – absent any allegation that such dealings or contacts have occurred. Subject to its objections, UBS has already disclosed that its counsel and employees involved in the hearing did not have ex parte oral or written communications with the arbitration panel members.

**Argument**

**I.      Drake Should Not Be Granted Discovery As To A Claim
         That He Has Not Adequately Plead.**

FRCP permits discovery of non-privileged matters that are relevant to the claims or defenses of any party. In his Motion to Compel, Drake misleadingly states that he is seeking to compel discovery of "undisclosed business relationships and communications between UBS and the arbitration panel members." Motion to Compel at 2. In fact, Drake has not alleged that UBS

2

engaged in any undisclosed business relationships or communications with the arbitration panel members. <u>See</u> Motion for Vacatur.

Drake also misleading states that he has stated a claim that the arbitrators exhibited "evident partiality." <u>Id.</u> at 1. In fact, Drake's Motion for Vacatur falls far short of stating a claim for vacatur based upon "evident partiality."

Pursuant to Rule 12(b)(6), the court is required to accept all factual allegations in a complaint as true and draw all reasonable inferences favorable to the plaintiff. <u>See Barrington Cove Limited Partnership v. Rhode Island Housing and Mortgage Finance Corp.</u>, 246 F.3d 1, 5 (1st Cir. 2001); <u>Bessette v. Avco Fin. Servs., Inc.</u>, 230 F.3d 439, 443 (1st Cir. 2000). However, the court should not credit conclusory assertions, subjective characterizations or "outright vituperation." <u>Barrington Cove</u>, 246 F.3d at 5; <u>Coyne v. City of Somerville</u>, 972 F.2d 440, 444 (1st Cir. 1992).

Section 10 of the Federal Arbitration Act provides that a court may vacate an arbitration award '[w]here there was evident partiality or corruption in the arbitrators...." 9 U.S.C. sec. 10(a)(2). Courts have apparently not considered the pleading requirements for stating a claim for vacatur based on "evident partiality." However, in <u>Commonwealth Coatings Corp. v. Continental Cas. Co.</u>, 393 U.S. 145, 89 S.Ct. 337, 21 L.E.2d 301 (1968), the Supreme Court held that an arbitrator's failure to disclose a material relationship with one of the parties can constitute "evident partiality" requiring vacatur of the award. 39 U.S. at 147-48, 89 S.Ct. 337. <u>See also Lucent Technologies Inc. v. Tatung Co.</u>, No. 03-7741, 2004 WL 1729832 (2nd Cir., Aug. 3, 2004) (same) and <u>University Commons-Urbana, Ltd. v. Universal Constructors Inc.</u>, 304 F.3d 1331 (11th Cir. 2002) ("an arbitration award may be vacated due to 'evident partiality' of an arbitrator only when either (1) an actual conflict exists, or (2) the arbitrator knows of, but fails to

disclose, information which would lead a reasonable person to believe that a potential conflict exits").

Here, in his Motion for Vacatur, Drake has only made the conclusory allegation that "[t]here was evident partiality by the panel of arbitrators." See Drake's Motion for Vacatur, para. 7. The court should not credit such a conclusory allegation. As Drake has not alleged that any of the members of the arbitration panel had an "actual conflict" or failed to disclose a material relationship with UBS, Drake has failed adequately to plead a claim for evident partiality as a basis for vacatur. Drake's suggestion that he intends to challenge certain substantive, procedural and evidentiary rulings by the arbitration panel is insufficient to give rise to a reasonable inference that the panel members had an "actual conflict" or failed to disclose a material relationship with UBS. See Motion to Compel at 2.[1]

Drake's reliance upon University Commons for the proposition that "[d]iscovery as to arbitrator conflicts should be permitted prior to a ruling on a motion to vacate" is misplaced.

In University Commons, the 11th Circuit Court of Appeals held that there are three essential elements to a claim for vacatur based upon an arbitrator's nondisclosure of a potential conflict of interest: "(1) the arbitrator must be aware of the facts comprising a potential conflict; (2) the potential conflict must be one that a reasonable person would recognize; and (3) the arbitrator must fail to disclose the conflict." University Commons, 304 F.3d at 1341. The court went on to find that the parties seeking vacatur had "presented prima facie proof of each of these

---

[1] Drake's burden for stating a claim should also be viewed in the context of extensive NASD rules governing arbitrator disclosure. NASD Arbitration Rule 10312 governs the disclosures required of arbitrators. Pursuant to NASD Rule 10308, the NASD provided the parties with Arbitrator Disclosure Reports for each of the Arbitrators (and other potential arbitrators) in advance of the date for the parties to rank and/or strike arbitrators. In the event a party requires additional information about an arbitrator, NASD Rule 10308(b)(6) requires the Director of NASD Dispute Resolution to forward the request to the arbitrator and all parties. Drake did not make any such request for additional information at any time. At the outset of the hearing of this Arbitration, the Arbitrators were asked whether they had additional disclosures and responded to such requests. The parties, including Drake, thereafter

elements." Thus, University Commons is inapposite because Drake has not alleged any of the elements that the Court held were essential to a claim for "evident partiality."

## II.   Drake's Motion Should Be Denied Because The Requested Discovery Is Overly Broad And Unduly Burdensome.

In addition, it would be unduly burdensome for UBS to be required to canvass its entire organization, including tens of thousands of employees and hundreds of branches in all fifty states, to respond to open-ended discovery as to whether any of the arbitration panel members had any business dealings or communications with UBS at any time in the past. Significantly, UBS, subject to its objections, has already answered that UBS's counsel did not have any ex parte oral or written communications with the arbitration panel members and that none of UBS's employees involved in the hearing had any ex parte oral or written communications with the panel members while the hearing was being conducted.

As set forth in footnote 1, NASD rules extensively regulate the disclosures required by arbitrators and Drake has not alleged any facts to support a claim that the arbitrator's disclosures were incomplete

### Conclusion

Wherefore, for all of the reasons set forth above, UBS respectfully requests that:

A.      Drake's Motion to Compel Answers to Interrogatories and Production of Documents be denied and that Drake be granted no relief whatsoever; or, alternatively, that Drake's Motion be stayed unless or until Drake adequately states a claim for relief for vacatur arising from "evident partiality," and

---

consented to the Arbitrators. Significantly, Drake, in his Complaint and Application (Motion) for Vacatur, did not allege that any Arbitrator failed to make a required disclosure

B.    Grant UBS such relief as may be just and equitable.

Respectfully submitted:

One of the attorneys for Respondent
UBS Financial Services Inc.

Kevin G. Mahoney
Menard, Murphy &  Walsh LLP
60 State Street
34th Floor
Boston, MA 02109
Tel.: (617) 832-2500
Fax:  (617) 832-2550

OF COUNSEL:
William M. Ejzak
Schuyler, Roche & Zwirner, P.C.
Suite 3800, One Prudential Plaza
130 East Randolph Street
Chicago, Illinois 60601
Tel:     (312) 565-2400
Fax:     (312) 565-8300

## Certificate Of Service

The undersigned hereby certifies that on September 3, 2004, he caused a copy of the

foregoing UBS's Response to Petitioner's Motion To Compel Answers to Interrogatories and

Production of Documents to be served upon:

> William A. Jacobson
> Shanna L. Pitts
> Law Offices of William A. Jacobson, Inc.
> 850 Turks Head Building
> Providence, Rhode Island 02903
> Tel.: (401) 490-7500
> Fax: (401) 490-5680

*fedex 9/4/04 overnight*

by facsimile and placing true copies of same in a properly addressed, postage prepaid envelope

and causing that envelope to be deposited in the United States Mail at One Prudential Plazas,

Chicago, Illinois.

William G.

412251