UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
-----------------------------------------------------------
BRIAN N. DRAKE,

                      Petitioner,

-v-                                  C.A. No. 04-11426(REK)

UBS FINANCIAL SERVICES, INC.,

                      Respondent.
-----------------------------------------------------------

FILED
IN CLERKS OFFICE

2005 JAN 20  A 11: 25

U.S. DISTRICT COURT
DISTRICT OF MASS.

## DRAKE'S OPPOSITION TO UBS' CROSS-MOTION TO CONFIRM

Petitioner Brian N. Drake ("Drake") submits this Opposition to the cross-motion of respondent UBS Financial Services, Inc. ("UBS") to confirm an arbitration award (the "Award"), a copy of which is annexed to the original Application to Vacate. Rather than burdening the Court with repetitive pleadings, we incorporate by reference Drake's Memorandum of Law in support of Drake's Amended Motion to Vacate, and the supporting Affidavit of William A. Jacobson, and the exhibits thereto, previously filed with the Court.

UBS' cross-motion, and its opposition to the motion to vacate, rest on the narrow nature of court review of arbitration awards. Drake acknowledged this standard in his Amended Motion to Vacate, but pointed the Court to specific facts of this case which, under applicable authority, warrant vacating the Award, or at a minimum, remand to the arbitrators for clarification.

UBS asserts that it did not call upon the arbitrators to disregard governing law, but merely tried to distinguish that law. This point is only half-true. As we expressly pointed out in our Memorandum (at 5), UBS did dispute whether PaineWebber

1

Jackson & Curtis, Inc. v. Aronson, 495 N.Y.S.2d 396 (1st Dept. 1985), applied to this case. UBS also argued, however, that even if Aronson were on point, the arbitrators should disregard this authority since Aronson "does not appear to be sound." (Jacobson Aff't Exh. C, at 8)  UBS fails to address this second part of its argument in its cross-motion, and fails to explain why it asked the arbitrators to disregard Aronson as not "sound."

UBS' argument went one step too far, and warrants either immediate vacateur, or at a minimum, remand to the arbitrators for an explanation of whether the arbitrators accepted UBS' argument to disregard Aronson. See, e.g., Montes v. Shearson Lehman Brothers, Inc., 128 F.3d 1456, 1464 (11th Cir. 1997)(vacating arbitration award where employer's counsel urged panel to disregard the law); Tripi v. Prudential Securities, Inc. 303 F.Supp.2d 349, 356 (S.D.N.Y. 2003)(remanding to arbitrators for explanation as to dollar amount of award).

UBS also attempts to reduce the evident partiality of the arbitrators, and the undue means by UBS in alerting the arbitrators to the fact that UBS investigated the arbitrators and maintained a database on the arbitrators, to mere procedural disputes within the realm of arbitrator discretion. To the contrary, as set forth in detail in our Memorandum, there was a prejudicial pattern of conduct by the arbitrators in (a) disregarding mandatory timetables for the exchange of evidence, (b) permitting UBS to produce prejudicial hearing exhibits as late as the evening before the hearings started, and (c) allowing UBS to introduce evidence of settlement discussions, and UBS' investigation of the arbitrators. Unlike cases where mere evidentiary rulings were in dispute, this conduct affected the fundamental fairness of the hearings, and denied Drake

a full and fair opportunity to be heard. See, e.g., Sirotsky v. New York Stock Exchange, 347 F.3d 985, 990 (7th Cir. 2003)(noting that actions intended to intimidate arbitrators can constitute "undue means" under FAA).

**Conclusion**

The cross-motion to confirm should be denied. The Award should be vacated, or alternatively, the case remanded to the arbitrators.

Dated: January 19, 2005

Respectfully submitted,

William A. Jacobson, Esq. (# 544791)
Shanna L. Pitts, Esq. (pro hac vice)
Law Offices of William A. Jacobson, Inc.
850 Turks Head Building
Providence, RI 02903
Tel. 401-490-7500
Fax. 401-490-5680
E-mail waj@wjacobson.com

Attorneys for Brian Drake

## CERTIFICATION OF SERVICE

I hereby certify that on this 19th day of January, 2005, I served a true and correct copy of the foregoing, via first class mail, postage prepaid, upon the offices of:

Kevin G. Mahoney, Esq.
Menard, Murphy & Walsh LLP
60 State Street, 34th Floor
Boston, MA 02109

William M. Ezjak, Esq.
Schuyler, Roche & Zwirner, P.C.
One Prudential Plaza
130 East Randolph Street
Chicago, IL 60601

*Kathleen Dias*