UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
------------------------------------------------------
BRIAN N. DRAKE,

                               Petitioner,

-v-                                        C.A. No. 04-11426(REK)

UBS FINANCIAL SERVICES, INC.,

                               Respondent.
------------------------------------------------------

### MEMORANDUM IN SUPPORT OF DRAKE'S AMENDED MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS

In light of this Court's February 2, 2005, Memorandum and Order, Petitioner Brian N. Drake ("Drake") submits this memorandum in support of his amended motion, pursuant to FRCP 37(a)(2) and Local Rule 37.1(B), for an Order compelling Respondent UBS Financial Services, Inc. ("UBS") to answer Interrogatories 2 and 4 of Drake's First Set of Interrogatories, and to produce documents in response to Requests 2 and 3 of Drake' First Request for Production of Documents.

This case arises out of an arbitration (the "Arbitration") between the parties held under the auspices of NASD Dispute Resolution, Inc. The arbitrators ruled in favor of UBS (the "Award"), awarding UBS all of the damages, attorney's fees, interest, and costs UBS requested.

Drake has filed an Amended Motion to Vacate the Award. In the Amended Motion to Vacate, Drake asserts that the Award should be vacated due to (a) the call by UBS for the panel to disregard controlling New York law, (b) the panel's refusal to enforce against UBS the panel's own scheduling orders thereby permitting

1

UBS to produce documents and exhibits at the last minute to the prejudice of Drake, (c) the panel's allowing UBS to introduce evidence as to the exchange of settlement offers (albeit not the actual dollar amount of the offers and counteroffers), in clear violation of the NASD Arbitrator's Manual which provides that "no party should be allowed to introduce evidence of any settlement offer that it made or received," (See Affidavit of William A. Jacobson, previously filed, at Exh. H, at 29), and (d) the panel's allowing UBS to introduce evidence as to UBS' investigation of the panel members, including the maintenance of investigative databases on the panel, thereby intimidating the panel.

In light of the factual allegations and proof submitted as part of the Amended Motion to Vacate, the discovery requested is even more important. Drake long ago served a short set of interrogatories (Exhibit A) and requests for production (Exhibit B), geared towards the undisclosed business relationships and communications between UBS and the arbitration panel members. In its response to the interrogatories (Exhibit C) and document request (Exhibit D), UBS has failed and/or refused to answer very simple questions and produce related documents as to its business relationships and communications with the panel members. Given the evidence submitted as to the evident partiality, the refusal of UBS to answer these simple questions raises the serious likelihood that the answers and documents would reveal relevant information.

We list below only the interrogatories and document requests at issue on this motion.

### Interrogatories

**Interrogatory No. 2.** "At any time, have there been any communications between UBS and/or its affiliates, predecessors (including but not limited to PaineWebber and UBS PaineWebber), employees, agents and/or attorneys, on the one hand, and Dallas W. Coffman, Linda A. Gelfand, and/or John B. Hagerty, in their individual capacities or their

capacities as arbitrators in the arbitration designated NASD-DR No. 03-00933 (individually and collectively, these individuals are referred to as the "Arbitrators")?[1] If yes, (a) identify each of the dates, participants and substance of each such communication, and (b) identify all documents concerning such communications."

UBS is only willing to respond to this interrogatory by stating that UBS' legal counsel did not have any *ex parte* oral or written communications with the Arbitrators. UBS refuses to state whether persons affiliated with UBS other than UBS' legal counsel had ex parte communications with the arbitrators. Obviously, if there were such communications, such information would be relevant to the motion to vacate.

**Interrogatory No. 4.** "At any time, has there been any business, employment, potential employment, financial, regulatory, personal and other relationships or dealings between UBS and/or its predecessors, affiliates, employees, agents and attorneys, on the one hand, and the Arbitrators? If yes, (a) identify the dates, participants and substance of each such relationship or dealing, and (b) identify all documents concerning such relationship or dealing."

UBS refuses to provide any information in response to this interrogatory. Obviously, if UBS has had any undisclosed past, present, or potential business or other relationship with the arbitrators, this information would be relevant to the motion to vacate. UBS's refusal to answer this interrogatory raises serious question as to whether one or more of the arbitrators failed to disclose material conflicts.

### Request for Production

**Document Request No. 2.** "All documents concerning any and all communications at any time between UBS and/or its affiliates, predecessors (including but not limited to PaineWebber and UBS PaineWebber), employees, agents and/or attorneys, on the one hand, and the Arbitrators or any of the Arbitrators (excluding only documents filed with NASD Dispute Resolution, Inc. and served upon counsel for Drake in NASD-DR No. 03-00933)."

---

[1] This interrogatory was limited by the following language: "This interrogatory excludes only communications contained in documents filed with NASD Dispute Resolution, Inc. and served upon counsel for Petitioner, or made on the record during the hearings and pre-hearing conferences, in NASD-DR No. 03-00933."

3

This document is the corollary to Interrogatory No. 2, above. Production of documents should be compelled for the same reasons that UBS should be compelled to answer Interrogatory No. 2.

**Document Requst No. 3**.   "All documents at any time concerning business, employment, potential employment, financial, regulatory, personal and other relationships or dealings between UBS and/or its predecessors (including but not limited to PaineWebber and UBS PaineWebber), affiliates, employees, agents and attorneys, on the one hand, and the Arbitrators."

This document request is the corollary to Interrogatory No. 4, above. Production of documents should be compelled for the same reasons that UBS should be compelled to answer Interrogatory No. 4.

**Conclusion**

Drake requests that the Court compel UBS to respond fully to the Drake's Interrogatories and Request for Production.

Dated: March 15, 2005

Respectfully submitted,

William A. Jacobson, Esq. (# 544791)
Shanna L. Pitts, Esq. (*pro hac vice*)
Law Offices of William A. Jacobson, Inc.
850 Turks Head Building
Providence, RI 02903
Tel. 401-490-7500
Fax. 401-490-5680
E-mail waj@wjacobson.com

Attorneys for Drake

**CERTIFICATION OF SERVICE**

I hereby certify that on this 15th day of March, 2005, I served a true and correct copy of the foregoing, via facsimile and first class mail, postage prepaid, upon the offices of:

Kevin G. Mahoney, Esq.
Menard, Murphy & Walsh LLP
60 State Street, 34th Floor
Boston, MA 02109

William M. Ezjak, Esq.
Schuyler, Roche & Zwirner, P.C.
One Prudential Plaza
130 East Randolph Street
Chicago, IL 60601