IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRIAN N. DRAKE,<br>      Petitioner,<br><br>v.<br><br>UBS FINANCIAL SERVICES INC.,<br>      Respondent. | )<br>)  The Honorable Robert E. Keeton<br>)<br>)  Case No. 04-11426 REK<br>)<br>)<br>) |

## UBS's RESPONSE TO PETITIONER'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Respondent UBS Financial Services Inc. ("UBS"), pursuant to Fed. R. Civ. P. 34, for its Response to Petitioner's First Set of Interrogatories to Respondent, states as follows:

### GENERAL OBJECTIONS

1. UBS objects to each of the document requests to the extent that they purport to impose upon UBS burdens and obligations that go beyond those imposed under applicable federal law.

2. UBS objects to each of the document requests to the extent that they purport to seek documents or information protected by the attorney-client privilege, the attorney work product doctrine or any other privilege immunity or protection from discovery.

3. UBS objects to each of the document requests to the extent that they purport to seek documents or information that is not within UBS's possession, custody or control.

4. As a general objection and in further support of each of its specific objections below, UBS states that NASD Arbitration Rule 10312 governs the disclosures required of arbitrators; that pursuant to NASD Rule 10308, the NASD provided the

parties with Arbitrator Disclosure Reports for each of the Arbitrators (and other potential arbitrators) in advance of the date for the parties to rank and/or strike arbitrators; that in the event a party requires additional information about an arbitrator, NASD Rule 10308(b)(6) requires the Director of NASD Dispute Resolution to forward the request to the arbitrator and all parties; that Drake did not make any such request for additional information at any time; that at the outset of the hearing of this Arbitration, the Arbitrators were asked whether they had additional disclosures and responded to such requests; that the parties, including Drake, thereafter consented to the Arbitrators; and that Drake, in his Complaint and Application (Motion) for Vacatur, does not allege that any Arbitrator failed to make a required disclosure.

## SPECIFIC OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS

1. All documents at any time concerning Dallas W. Coffman, Linda A. Gelfand, and John B. Hagerty, both in their individual capacities and their capacities as arbitrators in the arbitration designated NASD-DR No. 03-00933 (individually and collectively, these persons are referred to as the "Arbitrators").

Response: Subject to and in addition to the foregoing General Objections, UBS objects to Request No. 1 on the grounds that it is overly broad and unduly burdensome, and as seeking documents and information that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. As an additional objection, UBS objects to Request No. 1 to the extent that it purports to seek documents protected by the attorney-client privilege and/or the attorney work product doctrine.

2. All documents concerning any and all communications at any time between UBS and/or its affiliates, predecessors (including but not limited to PaineWebber and UBS PaineWebber), employees, agents and/or attorneys, on the one hand, and the Arbitrators or any of the Arbitrators (excluding only documents filed with NASD Dispute Resolution Inc. and served upon counsel for Petitioner in NASD-DR No. 03-00933).

Response: Subject to and in addition to the foregoing General Objections, UBS objects to Request No. 2 on the grounds that it is overly broad and unduly burdensome, and as seeking documents and information that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, UBS states that its legal counsel in the arbitration designated NASD-DR No. 93-00933 (the "Arbitration") did not have any *ex parte* oral or written communications with the Arbitrators.

3. All documents at any time concerning business, employment, potential employment, financial, regulatory, personal and other relationships or dealings between UBS and/or its predecessors (including but not limited to PaineWebber and UBS PaineWebber), affiliates, employees, agents and attorneys, on the one hand, and the Arbitrators.

Response: Subject to and in addition to the foregoing General Objections, UBS objects to Request No. 3 on the grounds that it is overly broad and unduly burdensome, and as seeking documents and information that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

4. All documents concerning investigations of the Arbitrators, and the results of such investigations.

Response: Subject to and in addition to the foregoing General Objections, UBS objects to Request No. 3 on the grounds that it seeks documents that are protected from discovery by the attorney-client privilege and/or the attorney work product doctrine and as seeking documents and information that are not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

5. All documents, the identification of which is requested in interrogatories served by Petitioner.

Response: UBS incorporates its general and specific objections to the interrogatories served by Petitioner as and for its objections to Request No. 5.

Respectfully submitted:

*William Ejzak*

One of the attorneys for Respondent
UBS Financial Services Inc.

Kevin G. Mahoney
Menard, Murphy & Walsh LLP
60 State Street
34th Floor
Boston, MA 02109
Tel.: (617) 832-2500
Fax: (617) 832-2550

OF COUNSEL:
William M. Ejzak
Schuyler, Roche & Zwirner, P.C.
Suite 3800, One Prudential Plaza
130 East Randolph Street
Chicago, Illinois 60601
Tel:    (312) 565-2400
Fax:    (312) 565-8300

4

## Certificate Of Service

The undersigned hereby certifies that on August 4, 2004, he caused a copy of the foregoing Responses to Petitioner's First Request for Production of Documents to be served upon:

> William A. Jacobson
> Shanna L. Pitts
> Law Offices of William A. Jacobson, Inc.
> 850 Turks Head Building
> Providence, Rhode Island 02903
> Tel.: (401) 490-7500
> Fax: (401) 490-5680

by facsimile and placing true copies of same in a properly addressed, postage prepaid envelope and causing that envelope to be deposited in the United States Mail at One Prudential Plazas, Chicago, Illinois.

_____

409270