IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**RECEIVED**

**AUG 0 9 2004**

Law Offices of William A. Jacobson

| | |
|---|---|
| BRIAN N. DRAKE, ) | |
| Petitioner, ) | The Honorable Robert E. Keeton |
| ) | |
| v. ) | Case No. 04-11426 REK |
| ) | |
| UBS FINANCIAL SERVICES INC., ) | |
| Respondent. ) | |

### UBS's RESPONSE TO PETITIONER'S FIRST SET OF INTERROGATORIES TO RESPONDENT

Respondent UBS Financial Services Inc. ("UBS"), pursuant to Fed. R. Civ. P. 33, for its Response to Petitioner's First Set of Interrogatories to Respondent, states as follows:

### GENERAL OBJECTIONS

1.  UBS objects to each of the Interrogatories to the extent that they purport to impose upon UBS burdens and obligations that go beyond those imposed under applicable federal law.

2.  UBS objects to each of the Interrogatories to the extent that they purport to seek documents or information protected by the attorney-client privilege, the attorney work product doctrine or any other privilege immunity or protection from discovery.

3.  UBS objects to all Interrogatories to the extent that they purport to seek documents or information that is not within UBS's possession, custody or control.

4.  As a general objection and in further support of each of its specific objections below, UBS states that NASD Arbitration Rule 10312 governs the disclosures required of arbitrators; that pursuant to NASD Rule 10308, the NASD provided the parties with Arbitrator Disclosure Reports for each of the Arbitrators (and other potential

arbitrators) in advance of the date for the parties to rank and/or strike arbitrators; that in the event a party requires additional information about an arbitrator, NASD Rule 10308(b)(6) requires the Director of NASD Dispute Resolution to forward the request to the arbitrator and all parties; that Drake did not make any such request for additional information at any time; that at the outset of the hearing of this Arbitration, the Arbitrators were asked whether they had additional disclosures and responded to such requests; that the parties, including Drake, thereafter consented to the Arbitrators; and that Drake, in his Complaint and Application (Motion) for Vacatur, does not allege that any Arbitrator failed to make a required disclosure.

## SPECIFIC OBJECTIONS AND ANSWERS TO INTERROGATORIES

1. Identify the person answering these interrogatories.

Response: William M. Ejzak

2. At any time, have there been any communications between UBS and/or its affiliates, predecessors (including, but not limited to PaineWebber and UBS PaineWebber), employees, agents and/or attorneys, on the one hand, and Dallas W. Coffman, Linda A. Gelfand, and/or John B. Hagerty, in their individual capacities or their capacities as arbitrators in the arbitration designated NASD-DR No. 93-00933 (individually and collectively, these individuals are referred to as the "Arbitrators")?[1] If yes, (a) identify each of the dates, participants and substance of each such communication, and (b) identify all documents concerning such communications.

Response: Subject to and in addition to the foregoing General Objections, UBS objects to Interrogatory No. 2 on the grounds that it is overly broad and unduly burdensome, and as seeking information that is not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without

---

[1] This interrogatory excludes only communications contained in documents filed with NASD Dispute Resolution, Inc. and served upon counsel for Petitioner, or made on the record during the hearings and pre-hearing conferences, in NASD-DR No. 03-00933.

waiving the foregoing objections, UBS states that its legal counsel in the arbitration designated NASD-DR No. 93-00933 (the "Arbitration") did not have any *ex parte* oral or written communications with the Arbitrators.

    3.    Were there any communications between Respondent, its attorneys or employees, on the one hand, and the Arbitrators, that took place on the dates of the arbitration hearing of NASD-DR No. 03-00933, that were not on the record. If yes, (a) identify each of the dates, participants and substance of each such communication, and (b) identify all documents concerning such communications.

Response: Subject to and in addition to the foregoing General Objections, UBS objects to Interrogatory No. 3 on the grounds that it is overly broad and unduly burdensome, and as seeking information that is not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, UBS states that there were no *ex parte* oral or written communications on the dates of the hearing of the Arbitration between UBS's employees in attendance at the hearing and UBS's counsel for the hearing, on the one hand, and the Arbitrators, on the other hand.

    4.    At any time, has there been any business, employment, potential employment, financial, regulatory, personal and other relationships or dealings between UBS and/or its predecessors, affiliates, employees, agents and attorneys, on the one hand, and the Arbitrators? If yes, (a) identify the dates, participants and substance of each such relationship or dealing, and (b) identify all documents concerning such relationship or dealing.

Response: Subject to and in addition to the foregoing General Objections, UBS objects to Interrogatory No. 4 on the grounds that it is overly broad and unduly burdensome, and as seeking

information that is not relevant to the claims or defenses of any party and/or not reasonably calculated to lead to the discovery of admissible evidence.

Respectfully submitted:

_____
One of the attorneys for Respondent
UBS Financial Services Inc.

Kevin G. Mahoney
Menard, Murphy & Walsh LLP
60 State Street
34th Floor
Boston, MA 02109
Tel.: (617) 832-2500
Fax: (617) 832-2550

OF COUNSEL:
William M. Ejzak
Schuyler, Roche & Zwirner, P.C.
Suite 3800, One Prudential Plaza
130 East Randolph Street
Chicago, Illinois 60601
Tel:    (312) 565-2400
Fax:   (312) 565-8300

## Certificate Of Service

The undersigned hereby certifies that on August 4, 2004, he caused a copy of the foregoing Responses to Petitioner's First Set of Interrogatories to Respondent to be served upon:

> William A. Jacobson
> Shanna L. Pitts
> Law Offices of William A. Jacobson, Inc.
> 850 Turks Head Building
> Providence, Rhode Island 02903
> Tel.: (401) 490-7500
> Fax: (401) 490-5680

by facsimile and placing true copies of same in a properly addressed, postage prepaid envelope and causing that envelope to be deposited in the United States Mail at One Prudential Plaza, Chicago, Illinois.

_____

409269